IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


TODD A. ROLF,

        Plaintiff,

   vs.                      Civil Action 2:04-CV-216
                              Magistrate Judge King

CITY OF NEWARK, *et al.*,

        Defendants.



<u>OPINION AND ORDER</u>

      Plaintiff Todd A. Rolf, currently an Ohio inmate, originally filed this action in state court, seeking recovery of damages in connection with injuries allegedly sustained when he was shot during the course of his arrest by Newark, Ohio, police officers. This matter is now before the Court on the motion for summary judgment filed by the defendant City of Newark, the only defendant remaining in the action. Although plaintiff, who is proceeding without the assistance of counsel, was specifically advised of his right to respond to the motion, and of the consequences of his failure to do so, *see* Doc. No. 28, there has nevertheless been no response to the motion for summary judgment.

      Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

      Plaintiff brings this action under 42 U.S.C. §1983, which

provides in relevant part as follows:

> Every person who, under color of any statute,
> ordinance, regulation, custom or usage, of any
> State ... subjects, or causes to be subjected, any
> citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or
> other proper proceeding for redress. ...

42 U.S.C. §1983.  To succeed on a claim under §1983, a plaintiff must show that (1) a person (2) acting under color of state law (3) deprived him of rights secured by the United States Constitution or its laws.  *See Waters v. City of Morristown,* 242 F.3d 353, 358-59 (6th Cir. 2001).

A local government such as the City of Newark qualifies as a "person" subject to liability under §1983.  *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 690 (1978).  However, the City of Newark cannot be held liable under §1983 on a theory of *respondeat superior.  See Board of County Comm'rs. of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 403-06 (1997) ["'That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation. ...'"].  Instead, it is only when the execution of a government's policy or custom inflicts the injury complained of that the government as an entity can be held liable under §1983.  *Monell,* 436 U.S. at 694.  Thus, to succeed on his claim against the City of Newark, plaintiff must demonstrate a direct causal link between a policy or custom of the city and the constitutional deprivation alleged by plaintiff by showing that plaintiff's injury was caused by the execution of defendant's policy or custom.  *See Garner v. Memphis Police Dep't.,* 8 F.3d 358, 364 (6th Cir. 1993).

Plaintiff, who has made no response to the motion for summary judgment, alleged in his complaint merely that the defendant City of

Newark was negligent. *Complaint,* ¶16. However, negligence alone will not provide a basis for liability under §1983. *Ritchie v. Wickstrom,* 938 F.2d 689, 692 (6th Cir. 1991)(citing *Daniels v. Williams,* 474 U.S. 327 (1986)).

Plaintiff was accidentally shot in the abdomen by Newark Police Officer Charlie Roberts during the course of a struggle. *Affidavit of H. Darrel Pennington,* ¶4, attached as Exhibit A to *Motion for Summary Judgment;* Exhibit A-1, attached to *Motion for Summary Judgment.* Also attached to the motion for summary judgment is the use of force policy of the defendant city. Exhibit A-6, attached to *Motion for Summary Judgment.* Every Newark police officer is trained in the policy. *Affidavit of H. Darrel Pennington,* ¶13, attached as Exhibit A to *Motion for Summary Judgment.* The defendant city has established that plaintiff's injuries were accidentally caused when a police officer discharged his weapon as he fell to the ground. There must be a "direct causal link" between a municipal policy and the alleged constitutional violation such that the municipality's "deliberate conduct" can be deemed the "moving force" behind the violation. *Miller v. City of Columbus,* 920 F.Supp. 807, 814 (S.D. Ohio 1996). Plaintiff has adduced no evidence that his shooting occurred in execution of any policy or practice of the defendant City of Newark. Thus, and even construing plaintiff's *pro se* pleadings liberally, as is required by *Haines v. Kerner,* 404 U.S. 519 (1972), the Court concludes that defendant is entitled to summary judgment.

Accordingly, defendant's motion for summary judgment is **GRANTED.**

The Clerk shall enter **FINAL JUDGMENT** for defendant in this action.

May 5, 2005                          _____*s/Norah McCann King*_____
                                       Norah M<sup>c</sup>Cann King
                                 United States Magistrate Judge